S. R. KELSEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6082.   Promulgated April 26, 1927.

Gain derived from the sale of stock determined.

*S. R. Kelsey* pro se.
*A. S. Lisenby, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1920 in the amount of $173.40. The deficiency arises from the action of the Commissioner in increasing the income reported on the return in the amount of $2,408.95 upon the ground that $100 thereof represented salary received and $2,308.95 represented a taxable distribution of a corporation.

### FINDINGS OF FACT.

The petitioner, on July 1, 1919, purchased sixteen shares of the capital stock of Alpern & Co., a New Jersey corporation, for $2,000. On February 6, 1920, the petitioner surrendered this stock to the corporation for $3,000 cash.

The petitioner was vice president of the corporation until he sold his stock on February 6, 1920.

### OPINION.

TRAMMELL: The petitioner purchased stock for $2,000 in 1919 and sold it for $3,000 in 1920. There was testimony to the effect that if all the earnings had been distributed during 1919 and 1920 the petitioner's share thereof based on his stock ownership would have been $691.05 for 1919 and $308.95 for 1920. No dividends, however, were declared. It was contended by the petitioner that these amounts should not be included in taxable gain resulting from the sale of the stock. The fact that earnings had been accumulated by the corporation which would have been paid to him as dividends if dividends had been declared, is immaterial. It might have affected the value of the stock and enabled him to secure a larger price for it than he otherwise would, but the accumulated earnings of the corporation not distributed in the form of dividends is not taxable to stockholders. The petitioner received his entire gain from the transaction in 1920 when he sold the stock. This was $1,000 instead of $2,308.95 as determined by the respondent.

There was no satisfactory explanation by the petitioner with respect to the $100 which the respondent added to income as salary. In the absence of evidence that the action of the respondent was erroneous, we must affirm his action in that regard.

*Judgment will be entered on 15 days' notice, under Rule 50.*